```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
MARTELL STRATEGIC FUNDING LLC,                              :
                                                            :
                                    Plaintiff,              :
                                                            :
TRAINING BEAM EDUCATION, LTD.,                              :      12-CV-627 (VSB)
                                                            :
                                    Intervenor Plaintiff,   :      MEMORANDUM & OPINION
                                                            :
                    - against -                             :
                                                            :
AMERICAN HOSPITALITY ACADEMY,                               :
CINDI REIMAN,                                               :
                                                            :
                                    Defendants.             :
                                                            :
------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: ___7/10/2017___

Appearances:

Efrem Schwalb
Goldberg & Rimberg PLLC
New York, New York
*Counsel for Plaintiff Martell Strategic*
*Funding LLC*

Simcha D. Schonfeld
Koss & Schonfeld, LLP
New York, New York
*Counsel for Defendants American Hospitality*
*Academy and Cindi Reiman*

VERNON S. BRODERICK, United States District Judge:

      Before me is the motion of Defendants American Hospitality Academy and Cindi Reiman (together, "Defendants") for leave to amend/correct their answer to Plaintiff's amended complaint. (Doc. 223.) Because Defendants failed to act with diligence and have not demonstrated good cause, the motion to amend is DENIED.

# I. Factual Background and Procedural History[1]

I assume the parties' familiarity with this case and refer the parties to my prior Memoranda and Orders for a recitation of a more complete factual background. (*See* Docs. 123, 124.)

This case was commenced in 2011 and removed from state court by Defendants on January 25, 2012. (Doc. 1.) Martell Strategic Funding LLC ("MSF") filed its Amended Complaint on May 1, 2012. (Doc. 9.) On September 28, 2012, Training Beam Education, Ltd. ("TBE") filed a motion to intervene. (Doc. 32.) Defendants thereafter moved to dismiss the Amended Complaint, (Doc. 56), and for sanctions, (Doc. 53). By order dated September 4, 2013, Judge Andrew Carter, to whom this case was originally assigned,[2] granted in part and denied in part Defendants' motion to dismiss, denied the motion for sanctions, and granted TBE's motion to intervene. (Doc. 67.)

On October 31, 2013, Defendants answered the Amended Complaint. (Doc. 72.) The Case Management Plan and Scheduling Order ("CMP") was entered on February 18, 2014. (Doc. 82.) The CMP stated in relevant part, that: "No additional causes of action or defenses may be asserted after 4/30/2014 without leave of the Court," and provided for all discovery to be completed by July 31, 2014. (CMP ¶¶ 5, 9.) On April 17, 2014, MSF and Defendants filed a joint letter motion seeking extensions of certain deadlines in the CMP, including the following: "No additional causes of action or defenses may be asserted after May 30, 2014 without leave of the Court." (Doc. 95.) I granted that request on April 18, 2014. (Doc. 96.) On May 30, 2014, Defendants filed the Amended Answer and Counterclaims ("Amended Answer"). (Doc. 101.)

---

[1] I limit my description of the procedural history to only those matters that are relevant to the motion currently under consideration.

[2] This case was reassigned to me on January 27, 2014.

The parties requested and I granted several requests to extend the deadline for completion of discovery, (*see, e.g.*, Docs. 149, 170, 178, 195, 207), and discovery ultimately closed on November 18, 2016, (Docs. 207, 208). The various extensions enabled the parties to complete necessary discovery including but not limited to depositions and document production. Specifically, Plaintiff MSF deposed Defendant Reiman on February 2, 2016, (Schonfeld Decl., Ex. A), and Defendants deposed Michael Milea, the sole principal of MSF, on February 23, 2016, (*id*., Ex. B).[3]

On December 12, 2016, Defendants filed a pre-motion letter regarding their anticipated motion for summary judgment based upon unconscionability. (Doc. 211.) In its response letter, Plaintiff argued that such a motion would be meritless since Defendants failed to assert unconscionability as an affirmative defense in their Amended Answer, and thus waived that defense. (Doc. 213.) I held a pre-motion conference on December 23 to discuss the anticipated motion at which I directed the parties to submit a proposed briefing schedule regarding Defendants' motion to amend their answer. (Dkt. Entry Dec. 23, 2016.)

On February 10, 2017, Defendants filed their motion for leave to file an amended answer to the amended complaint, (Doc. 223), along with a memorandum of law in support, (Doc. 227), and declaration of Simcha Schonfeld with exhibits, (Doc. 228). On March 14, 2017, Plaintiff filed its memorandum of law in opposition to the motion, (Doc. 231), and the declaration of Efrem Schwalb, (Doc. 232). On April 3, 2017, Defendants filed their reply in further support of the motion to file an amended answer. (Doc. 235.)

---

[3] "Schonfeld Decl." refers to the Declaration of Simcha Schoenfeld. (Doc. 224-1.) Annexed to the Schonfeld Declaration as Exhibits A and B are the deposition transcripts of Cindi Reiman and Michael Milea, respectively.

## II. Legal Standard

Where a scheduling order has been entered governing, among other things, the amendment of pleadings, the lenient standard under Rule 15(a), which provides leave to amend "shall be freely given," must be balanced against the requirement under Rule 16(b) that a court's scheduling order "shall not be modified except upon a showing of good cause." Fed. R. Civ. P. 15(a), 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent."); *see Holmes v. Grubman*, 568 F.3d 329, 334-35 (2d Cir. 2009); *Grochowski v. Phoenix Constr.*, 318 F.3d 80, 86 (2d Cir. 2003); *Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 340 (2d Cir. 2000) (holding that "a district court does not abuse its discretion in denying leave to amend the pleadings after the deadline set in the scheduling order where the moving party has failed to establish good cause"). "[A] finding of 'good cause' depends on the diligence of the moving party." *Parker*, 204 F.3d at 340; *see also Holmes*, 568 F.3d at 335 (citing *Grochowski*, 318 F.3d at 86); *iMedicor, Inc. v. Access Pharm., Inc.*, 290 F.R.D. 50, 52 (S.D.N.Y. 2013) ("[T]he good cause standard is not satisfied when the proposed amendment rests on information that the party knew, or should have known, in advance of the deadline." (quoting *Enzymotec Ltd. v. NBTY, Inc.*, 754 F. Supp. 2d 527, 536 (E.D.N.Y. 2010))).

A court "also may consider other relevant factors including, in particular, whether allowing the amendment of the pleading at this stage of the litigation will prejudice" the non-moving party. *Kassner v. 2nd Ave. Delicatessen Inc.*, 496 F.3d 229, 244 (2d Cir. 2007). An amendment is prejudicial to the non-moving party if it "would 'require the opponent to expend significant additional resources to conduct discovery and prepare for trial' or 'significantly delay the resolution of the dispute.'" *Ruotolo v. City of New York*, 514 F.3d 184, 192 (2d Cir. 2008) (quoting *Block v. First Blood Assocs.*, 988 F.2d 344, 350 (2d Cir. 1993)).

### III.   Discussion

The applicable standard for deciding Defendants' motion to amend is the "good cause" standard under Rule 16(b), which turns on whether or not Defendants acted with diligence in seeking leave to amend.

Where the deadline for asserting additional claims or defenses set forth in the scheduling order has passed, courts commonly find that a party acts diligently if it seeks leave to amend within approximately two months of acquiring information of a new claim or defense, *see, e.g.*, *Infinity Headwear & Apparel, LLC v. Jay Franco & Sons, Inc.*, No. 15-CV-1259 (JPO), 2016 WL 5372843, at *5-6 (S.D.N.Y. Sept. 26, 2016) (granting leave to amend where plaintiff demonstrated diligence and sought leave within two months of learning of the facts underlying the claim); *Paradigm BioDevices, Inc. v. Centinel Spine, Inc.*, No. 11 Civ. 3489 (JMF), 2013 WL 1830416, at *4 (S.D.N.Y. May 1, 2013) (finding party acted diligently where it sought leave to amend approximately one month after learning of the facts upon which the new claims rely); *Knoll, Inc. v. Moderno, Inc.*, No. 11 Civ. 488 (AKH), 2012 WL 3613896, at *2, *7 (S.D.N.Y. Aug. 22, 2012) (finding parties acted with diligence where each sought leave to amend pleading within two months of learning facts underlying additional claim or defense); *Enzymotec*, 754 F. Supp. 2d at 537 (finding that plaintiff acted diligently in seeking leave to amend more than nine months after the deadline had passed but within two months of discovering the relevant facts underlying its new cause of action); *Permatex, Inc. v. Loctite Corp.*, No. 03 Civ. 943 LAK GWG, 2004 WL 1354253, at *3 (S.D.N.Y. June 17, 2004) (holding that plaintiff exhibited diligence by moving to amend less than two months after deposition disclosed new information), and deny leave to amend where the party delayed more than five months, *see, e.g.*, *Grochowski*, 318 F.3d at 86 (affirming denial of motion to amend where party delayed "more than one year"

and discovery was complete); *Tardif v. City of New York*, No. 13-CV-4056 (KMW) (FM), 2016 WL 2343861, at *5 (S.D.N.Y. May 3, 2016) (finding "lengthy delay" of five months fell "far short of the diligence necessary to show good cause"); *iMedicor, Inc.*, 290 F.R.D. at 53 (finding no good cause for delay where new counsel waited eight months to file motion to amend); *Jackson v. Roslyn Bd. of Educ.*, 596 F. Supp. 2d 581, 586 (E.D.N.Y. 2009) (finding plaintiff's delay of nearly five months to evince "a lack of diligence"); *Rambarran v. Mount Sinai Hosp.*, No. 06 Civ. 5109 (DF), 2008 WL 850478, at *3 (S.D.N.Y. Mar. 28, 2008) (denying motion to amend where plaintiff sought to amend complaint three and a half months after deadline).[4]

Here, Defendants had until May 30, 2014 to assert additional defenses without leave of Court. (Doc. 96.) However, Defendants did not seek to raise unconscionability as an affirmative defense until December 2016, (Doc. 211), approximately two and a half years after the applicable deadline, and after filing a pre-motion letter seeking to file summary judgment based upon unconscionability.[5] Accordingly, the determination of whether Defendants acted diligently turns on how long they knew of the facts underlying their unconscionability defense before seeking leave to amend their answer.

---

[4] In a summary order, the Second Circuit noted that a district court "acted well within its discretion in concluding that plaintiffs' three-month failure to move for amendment after learning the officers' names failed to demonstrate the diligence necessary to satisfy Rule 16." *Gullo v. City of New York*, 540 F. App'x 45, 47 (2d Cir. 2013) (summary order).

[5] In an apparent attempt to conflate the deadline to assert additional claims or defenses, (CMP ¶ 5), with the deadline to complete discovery, (CMP ¶ 9), Defendants emphasize that the deadline to complete discovery was extended until November 2016 and posit: "It is without question that the deadline for asserting additional defenses was directly related to and dependent upon the continued unfolding of the discovery process as contemplated in the [CMP]." (Reply 4.) Defendants are correct that as a general matter the deadline for asserting new claims or defenses is related to the deadline to complete discovery insofar as parties commonly, as was the case here, set the deadline for the former earlier than the deadline for the latter so that the parties are aware of the total universe of claims and defenses at issue in the case prior to completing discovery. The two deadlines, however, are separate and distinct as evidenced by the fact that they are two entries on the CMP. (*See* CMP ¶¶ 5, 9.) In addition, the fact that the parties' request addressed the two deadlines separately and requested that they be adjourned to different dates demonstrates that they knew full well and clearly understood the distinction and separateness between the two deadlines. (*See* Doc. 95.) Thus, the extension until November 2016 of the deadline to complete discovery did nothing to alter the May 2014 deadline for asserting additional claims or defenses.

Plaintiff argues that Defendants knew of the facts underlying the unconscionability defense at the time the action was commenced. (Pl.'s Mem. 6.) In response, Defendants identify ten pieces of information underlying their unconscionability defense that they claim were unknown to them at the time this action was filed but were later "elicited during discovery." (Reply 5.)[6] Many of the facts identified by Defendants were known to Defendant Reiman; I find that Defendants cannot meet their burden in the face of such knowledge.

Specifically, five of the ten pieces of information identified by Defendants are from Defendant Reiman's February 2014 deposition testimony; one piece of information is the July 2011 e-mail chain between Reiman and Michael Milea; and the remaining four pieces of information are from Michael Milea's February 2014 deposition testimony. (*Id*. at 6.) Defendants' assertion that Reiman's February 2014 deposition testimony provided Defendants with previously unknown information defies logic and reason. At the time of her February 2014 deposition, Reiman was obviously already aware of the facts and information about which she testified. Moreover, all of Reiman's testimony that Defendants reference relates to events that occurred years before the commencement of this action. (*See* Reply 6.) Likewise, Reiman was aware of the July 2011 e-mail chain between herself and Milea prior to the commencement of this action because, on July 6, 2011, Reiman responded to the portion of the email chain referenced by Defendants as supporting the unconscionability defense. (*Compare* Reply 6, *with* Schonfeld Decl. Ex. E.) Defendants do not explain why Reiman's personal knowledge of the events they cite years before this law suit was filed is not dispositive of their motion. Therefore, in light of the fact that Defendants were aware, since prior to the commencement of this action,

---

[6] "Reply" refers to Defendants' Memorandum of Law in Further Support of Their Motion for Leave to File an Amended Answer, filed April 3, 2017. (Doc. 235.)

7

of at least six of the ten pieces of information they claim support their unconscionability defense, Defendants fail to demonstrate good cause. *See Enzymotec*, 754 F. Supp. 2d at 536 ("[T]he good cause standard is not satisfied when the proposed amendment rests on information 'that the party knew, or should have known, in advance of the deadline.'").

Even if I were to accept Defendants' claim—that they were unaware of any facts underlying their unconscionability defense until February 2014—I would still find that Defendants failed to act with diligence. Under Defendants' version of the facts, they learned of the unconscionability defense in February 2014 at the time of the Reiman and Milea depositions but did not seek leave to amend their answer until December 2016, and then only after Plaintiff pointed out that Defendants had never asserted an unconscionability defense in a pleading. (*See* Doc. 213 at 2.) As set forth above, courts in this circuit routinely grant parties leave to assert new claims or defenses when the movant seeks leave to do so within two months of learning the new facts. Here, Defendants waited approximately two and a half years before seeking leave to assert the additional defense, and Defendants do not articulate any basis for this delay or why it should be excused.

Moreover, even if Defendants had acted with diligence—which they did not—I would decline to grant the proposed amendment at this stage of the litigation because doing so would cause further delay and would prejudice Plaintiff. *See Kassner*, 496 F.3d at 244 (noting that courts may consider factors other than diligence in deciding whether to grant leave to amend); *see also Ruotolo*, 514 F.3d at 192 (noting that amendment is prejudicial where it "would 'require the opponent to expend significant additional resources to conduct discovery and prepare for trial' or 'significantly delay the resolution of the dispute'" (quoting *Block*, 988 F.2d at 350)). Defendants fail to acknowledge that waiting over two years and then seeking leave to amend

their answer "[s]hortly after the close of discovery," (Reply 4), compounded the prejudice to Plaintiff, *see Scott v. Chipotle Mexican Grill, Inc.*, 300 F.R.D. 193, 200 (S.D.N.Y. 2014) (noting that courts are "more likely to find an amendment prejudicial if discovery has closed"). Plaintiff would be entitled to discovery, including depositions, on the unconscionability defense which would result in additional expense and delay. Plaintiff is also prejudiced because the passage of time could have resulted in a loss of memory by witnesses with knowledge of the events in question. These factors weigh against granting Defendants' motion.

In light of the fact that Defendants learned of facts underlying their unconscionability defense in 2014 and then waited at least two years before seeking leave to amend their answer, I find that Defendants failed to act with diligence and have otherwise failed to demonstrate good cause why leave should be given to amend their answer.

## IV. Conclusion

For the foregoing reasons, Defendants' motion for leave to amend their answer, (Doc. 223), is DENIED. The parties are directed to submit a joint letter setting forth a proposed briefing schedule with respect to any anticipated motions for summary judgment on or before July 21, 2017.

The Clerk's Office is respectfully directed to close the pending motion at Doc. 223.

SO ORDERED.

Dated: July 10, 2017
      New York, New York

Vernon S. Broderick
United States District Judge